**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LOUIS RODRIGUES,<br><br>*Plaintiff,*<br><br>v.<br><br>MERRILL MAIN, et al.,<br><br>*Defendants.* | **Civil Action No. 19-14708**<br><br>**ORDER** |

**THIS MATTER** comes before the Court by way of pro se Plaintiff Louis Rodrigues's ("Plaintiff") Motion for Default Judgment, ECF No. 13;

and it appearing that this action arises out of alleged civil rights violations in connection with Plaintiff's involuntary commitment and confinement at the Special Treatment Unit ("STU") pursuant to the Sexually Violent Predator Act, N.J.S.A. § 30:4-27.24, et seq., see generally Compl., ECF No. 1;

and it appearing that the Complaint asserts federal and state constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-2 ("NJCRA") against the STU and ten individual defendants, see id. ¶¶ 109-81;

and it appearing that on September 13, 2019, this Court conducted a sua sponte review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b), held that Plaintiff could proceed with his Section 1983 and NJCRA claims against eight individual defendants (the "Defendants"),[1] and dismissed Plaintiff's other claims, see generally ECF No. 4 (the "September 13, 2019 Order");

---

[1] The Court permitted claims to proceed against defendants Merrill Main ("Main"), James Slaughter ("Slaughter"), Marc Sim ("Sim"), Tesa Simms ("Simms"), Crystal Raupp ("Raupp"), Yanens Corniel ("Corniel"), Cheappetta, and Hunt. See Sept. 13, 2019 Order at 14-15.

and it appearing that on December 10, 2019, Plaintiff filed a "Declaration for Entry of Default" asserting that Defendants were served on September 18, 2019, see ECF No. 11, but Plaintiff did not file any affidavit demonstrating proper service,[2] see Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.");

and it appearing that the Clerk of Court has not entered default against any Defendant;

and it appearing that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)," Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (citation omitted);

and it appearing that the Court therefore denies Plaintiff's Motion without prejudice, see, e.g., Smith v. Dobin, No. 18-17515, 2020 WL 747191, at *6 (D.N.J. Feb. 14, 2020) (denying motion for default judgment because "the Clerk of Court ha[d] yet to file an entry of default");[3]

---

[2] The docket indicates that on September 18, 2019, the Clerk of Court entered the September 13, 2019 Order and transmitted USM-285 Forms for Plaintiff to complete and return in order to effectuate service through the U.S. Marshals Service ("USMS"). See ECF No. 5. As noted below, USMS did not serve any defendant until February 2020.

[3] As the lack of a prior default entry precludes a default judgment, the Court need not determine whether Defendants were ultimately served to resolve the instant Motion. The Court notes, however, that while counsel for Raupp and Sim (together, the "Answering Defendants") has suggested that only the Answering Defendants were properly served, see ECF No. 20, the docket appears to reflect proper service upon Main as well. Specifically, on February 12, 2020, USMS executed a summons indicating that it served Main personally at an address in Avenel, New Jersey. See ECF No. 23; Fed. R. Civ. P. 4(e)(2)(a).

USMS has also returned an executed summons for each of the other Defendants, see ECF Nos. 24-30, but the Court is unable to conclude that proper service was effected upon any Defendant besides Main, Sim, or Raupp. The summons issued to Slaughter was served upon an individual named Nicole Beattys, without any indication of her relationship to Slaughter, see ECF No. 24, and the summonses issued to Cheapetta, Corniel, Simms, and Hunt were each served upon Main, see ECF Nos. 25, 27, 29, 30. On the present record, the Court cannot determine whether Beattys or Main were authorized to accept service for these Defendants. See Sharp v. Kean Univ., 153 F. Supp. 3d 669, 677 n.5 (D.N.J. 2015) ("The party responsible for effecting service has the burden of demonstrating that service was proper.") (citation omitted).

**IT IS** on this 28th day of September, 2020;

**ORDERED** that Plaintiff's Motion for Default Judgment, ECF No. 13, is **DENIED WITHOUT PREJUDICE**.

                                         */s Madeline Cox Arleo*
                                         **MADELINE COX ARLEO**
                                         **UNITED STATES DISTRICT JUDGE**