UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOUIS RODRIGUES, <br><br> Plaintiff, <br><br> v. <br><br> SPECIAL TREATMENT UNIT, et al., <br><br> Defendants. | Civil Action No. 19-14708 (MCA) <br><br> MEMORANDUM & ORDER |

This matter comes before the Court on Plaintiff's cross-motion for summary judgment motion for sanctions. (ECF No. 203.) By way of background, retired STU director Merrill Main and Department of Corrections administrators Crystal Raupp and Marc Sims ("DOC Defendants") separately sought summary judgment in this matter. (ECF No. 182, 183.) The Court terminated those summary judgment motions and required both sets of Defendants to supplemental their Statement of Material Facts, legal arguments, and evidence regarding Plaintiff's religious exercise claim, which he raised under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"). (ECF No. 191.) The Court also provided Plaintiff with the opportunity to respond to the supplemental briefing and administratively terminated this matter pending the completion of the supplemental briefing.

After two extensions of time (ECF Nos. 193-196), Defendants filed their supplemental briefing. (ECF Nos. 197-201.) In granting those extensions of time, the Magistrate Judge, like this Court, provided Plaintiff with leave to file a response to the supplemental briefing. (ECF Nos. 193, 196.) Neither this Court nor the Magistrate Judge provided Plaintiff with leave to file a cross-

motion for summary judgment.¹  Plaintiff, however, in lieu of a response, filed what he characterizes as a cross motion for summary judgment and for sanctions.  (ECF No. 203.)  Defendants have opposed the cross-motion for summary judgment and motion for sanctions.  (ECF Nos. 208-213.)  At this time, the Court will administratively terminate the cross-motion for summary judgment and consider it as a response to Defendants' motions for summary judgment, which Plaintiff was provided leave to file.²  The Court will reactivate and resolve the summary judgment motions by separate opinion and order in due course.

The Court also denies Plaintiff's motion for sanctions in connection with the filing of his personal medical information without his permission.  Plaintiff alleges that a 23-page medical record was submitted without his authorization and should have been filed under seal. (*See* ECF No. 203, at 13).  He appears to refer Dr. Roger Harris's 23-page October 2021 report, filed at ECF No. 199 as Exhibit D.  This document was in fact filed under seal and is only available to the Court and the parties.  Therefore, there is no basis to sanction the DOC Defendants in connection with this filing, and the motion for sanctions is denied on this basis.  To the extent the Court must refer with specificity to any of Plaintiff's personal medical information in resolving the motions for summary judgments, it will redact that private medical information from its opinion.

**IT IS, THEREFORE**, on this 12th day of January 2026,

---

¹ As the basis for his cross-motion for summary judgment, Plaintiff principally argues 1) that the Court should not rely on *Turner v. Safley*, 482 U.S. 78 (1987) to resolve his religious exercise claim, 2) that analysis of the *Turner* factors weigh in his favor, and 3) that he is entitled to judgment as a matter of law on his claim that Defendants have completely denied him religious services and chaplain visits on the South Unit while simultaneously refusing to permit him to attend religious services in the Annex with the general population.

² Although Plaintiff was not provided leave to submit a cross-motion for summary judgment at this late date, the Court will consider whether he is entitled to judgment as a matter of law on his claim of complete denial of religious services in the South Unit.

**ORDERED** that Plaintiff's motion for sanctions (ECF No. 203) is DENIED; and it is further

**ORDERED** that the Clerk of the Court shall ADMINISTRATIVELY TERMINATE Plaintiff's cross-motion for summary judgment (ECF No. 203) for docket management purposes; the Court will reactivate and resolve the motions for summary judgment by separate opinion and order in due course.

_____
Madeline Cox Arleo, District Judge
United States District Court